IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEL MARINKOVIC,            )
                           )
            Plaintiff,     )   Case No. 1:19-cv-67-SPB
        v.                 )
                           )
DAVID K. BATTAGLIA, et al.,)
                           )
            Defendants.    )

### MEMORANDUM ORDER

Plaintiff Mel Marinkovic commenced the instant proceeding on March 12, 2019 by filing a motion to proceed *in forma pauperis*, ECF No. 1, and lodging a complaint directed against Armstrong County and four individuals who previously served as county officials. The individual Defendants include Jeanne Englert, previously the Armstrong County Tax Claim Director, and three former county commissioners, *to wit:* David K. Battaglia, Robert T. Bower, and Richard L. Fink.

On March 22, 2019, before the Court ruled on his application to proceed *in forma pauperis,* Plaintiff purported to file an amended complaint. ECF No. 2. The allegations and claims in Plaintiff's pleadings are essentially identical to those raised in his prior civil action, *Marinkovic v. Battaglia, et al.,* Case No. 2:18-cv-388-MRH. The latter action was previously consolidated with another related lawsuit captioned *Marinkovic v. Battaglia, et al.,* and filed at Case No. 1:14-cv-49. As in his pleading in Case No. 2:18-cv-388, Plaintiff's pleading in the instant case asserts claims based upon the Defendants' alleged spoliation of evidence and "deliberate indifference." All three of Plaintiff's lawsuits commonly arise out of his unsuccessful attempts to acquire county-held properties through a private bidding process in Armstrong County.

1

On May 22, 2019, Plaintiff filed a motion for an extension of time within which to make service of his complaint in the instant case. ECF No. 3. Plaintiff explains in his motion that, because service of the complaint in Case No. 2:18-cv-388 was not made within ninety (90) days, that complaint must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m); Plaintiff therefore filed this entirely new lawsuit as a mechanism for reasserting the claims in case No. 18-cv-388. ECF No. 3 at 2.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates the plaintiff's financial status and determines whether he is eligible to proceed *in forma pauperis* under § 1915(a). *Id.* Second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise subject to dismissal. *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *see Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010). Because the Court finds that Plaintiff is without sufficient funds to pay the required filing fee, he will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

2

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Here, Plaintiff's initial and amended pleadings fail to state a claim upon which relief can be granted. For all practical purposes, the instant pleadings are identical to the complaint filed in Civil Action 2:18-cv-388. The Court previously dismissed those claims, on the merits, for reasons set forth at length in its Memorandum Opinion and Order filed on September 23, 2019 in the lead case, Civil Action No. 1:14-cv-49. *See* ECF No. 175 (Mem. Op. dated Sept. 23, 2019) at 23-36. Because the Court determined that Plaintiff's claims could not be saved through further amendment, it dismissed the spoliation and "deliberate indifference" claims with prejudice and without leave to amend. *Id.* at 33-36.

Based upon this Court's prior ruling in Case No. 1:14-cv-49, Plaintiff's claims in the instant civil action are barred by the doctrine of *res judicata*[1] and otherwise fail to state a claim

---

[1] "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir.2007)). The doctrine "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and ... promot[es] judicial economy by preventing needless litigation." *Id.* (internal quotation marks and citation omitted) (alterations in the original). Federal res judicata principles apply when there is: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (internal quotation marks and citation omitted).

upon which relief can be granted. Moreover, no amendment will cure the deficiencies in the underlying claims. Accordingly, the following Order is entered:

AND NOW, this 8th day of October, 2019, based upon the foregoing reasons, IT IS ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. [1], shall be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint, ECF No. [1-1], and Amended Complaint, ECF No. [2], shall be, and hereby are, DISMISSED with prejudice, in accordance with 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Extend Time to Serve (By U.S. Marshal), ECF No. [3], shall be, and hereby is, DISMISSED as moot.

The Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge